FILED
2007 Aug-31 PM 02:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**JASPER DIVISION**

| | |
|---|---|
| BETTY ANN GREEN, as Guardian and Conservator of AMY M. HULSEY, an Incapacitated Person, | ) |
| Plaintiff, | ) |
| v. | ) 6:07-cv-00723-JEO |
| HONDA MOTOR CO., LTD., AMERICAN HONDA MOTOR CO., INC., HONDA R&D AMERICAS, INC., HONDA CENTRAL-KAWASAKI d/b/a Big Toys, Inc.; and BIG TOYS, INC., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the court on various motions filed by the parties, including the plaintiff's motion to amend the complaint (doc. 33),[1] the plaintiff's motion to remand this case back to the Circuit Court of Marion County, Alabama (doc. 14), and the defendants' motion to strike the plaintiff's evidence in support of remand (doc. 30).[2] Upon consideration, the court finds that the motion to remand is due to be denied as Big Toys is fraudulently joined; the motion to strike is due to be granted in part; and the motion to amend is due to be granted in part, thereby divesting the court of diversity jurisdiction.

## I. BACKGROUND

On or about June 10, 2006, Amy Hulsey was operating a 1985 Honda Big Red 250 ES

[1] References herein to "Doc.___" are to the document number assigned by the Clerk of the Court.

[2] Several additional motions are also pending before the court. However, because the court will not entertain any of the motions unless it has jurisdiction, the only motions currently under consideration are the motions relative to the plaintiff's motion to remand.

three-wheeler All Terrain Vehicle ("ATV") when it flipped over and she was thrown off. As a result of the accident, she was seriously and permanently injured, crippled, and impaired.

On March 19, 2007, the plaintiff filed a complaint on Hulsey's behalf in the Circuit Court of Marion County, Alabama. (Doc. 1, Ex. 2). The plaintiff made the following claims against the defendants: (1) Alabama Extended Manufacturer's Liability Doctrine (hereinafter "AEMLD"); (2) wantonness; (3) negligence; (4) breach of implied warranty; (5) negligent failure to warn; and (6) wanton failure to warn. (Doc. 1, Ex. 2).

On April 20, 2007, American Honda Motor Co., Inc., and Honda R&D Americas, Inc. (hereinafter "the Honda defendants"),[3] filed a notice of removal with this court. (Doc. 1). Big Toys, Inc. ("Big Toys"), joined in the removal that same day. (Doc. 2). Also, on April 20, 2007, the Honda defendants filed an answer to the complaint (doc. 3 & 4), as well as a motion to strike the fictitious parties named in the plaintiff's complaint (doc. 5), and a motion for judgment on the pleadings and brief in support thereof (doc. 6 & 7). On April 23, 2007, Big Toys filed an answer to the complaint as well as a motion for summary judgment. (Doc. 8 & 10). On May 14, 2007, the plaintiff filed a motion to remand this case back to the Circuit Court of Marion County, Alabama. (Doc. 14). On the same day, the plaintiff also filed a motion to stay all pending motions and issues until the court determines whether it has subject matter jurisdiction (doc. 15); a response in opposition to the defendants' motion to strike (doc. 16); a response in opposition to the motion for judgment on the pleadings (doc. 17); a motion to continue Big Toys' motion for summary judgment (doc. 18); evidentiary materials regarding all of the aforementioned motions

---

[3]Honda Motor Co., Ltd., is a Japanese corporation. Because it will neither accept nor waive service of process, the plaintiff is serving it through the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters of November 15, 1965 ("Hague Treaty"). As of the date of this order, service had not yet been completed upon Honda Motor Co., Ltd. The plaintiff has moved for additional time to perfect service of this defendant. (Doc. 40).

and responses (doc. 19); and a brief in support thereof (doc. 20).

On June 15, 2007, Big Toys filed a motion to strike some of the documents filed by the plaintiff in support of her motion to continue Big Toys' motion for summary judgment. (Doc. 27). Also on that day, the Honda defendants filed a motion to strike the plaintiff's evidence in support of her motion to remand. (Doc. 30).

On July 9, 2007, the plaintiff filed a motion for leave to file a first amended complaint (doc. 33) and a brief in support thereof (doc. 39). On July 12, 2007, the plaintiff field a motion for extension of time to perfect service against Honda Motor Co., Ltd., and against M.D., Inc., should the court allow her to amend her complaint. (Doc. 40). On July 31, 2007, the defendants collectively filed a motion for oral argument on the pending motions (doc. 44), which the court granted to the extent it heard oral argument on August 23, 2007, on the plaintiff's motion to remand, the defendant's motion to strike the plaintiff's evidentiary submissions in support of remand, and the plaintiff's motion to amend her complaint. The court declined to entertain any other pending motions until resolution of the jurisdictional issues.

## II.  MOTION TO REMAND

The Court of Appeals for the Eleventh Circuit has articulated the relevant standard to be applied on a motion to remand:

> When a defendant removes a case to federal court on diversity grounds, a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed. *See Lincoln Prop. Co. v. Roche*, --- U.S. ----, 126 S. Ct. 606, 613, 163 L. Ed. 2d 415 (2005) (citing 28 U.S.C. § 1441(b)). Such a remand is the necessary corollary of a federal district court's diversity jurisdiction, which requires complete diversity of citizenship.
>
> When a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the

> non-diverse defendant and deny any motion to remand the matter back to state court. The plaintiff is said to have effectuated a "fraudulent joinder," *see Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997), and a federal court may appropriately assert its removal diversity jurisdiction over the case.

*Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).

**A. Fraudulent Joinder: Legal Principles**[4]

The defendants argue that the plaintiff fraudulently joined Big Toys[5] in this lawsuit because the plaintiff cannot possibly prove a cause of action against it. (Doc. 1 at p. 6). The law in this area is well-settled:

> A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate either that: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. The defendant must make such a showing by clear and convincing evidence.

*Henderson*, 454 F.3d at 1281 (internal citations omitted). United States District Judge Virginia Hopkins recently stated:

> "In evaluating a motion to remand, the removing party bears the burden of demonstrating federal jurisdiction." *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). "The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by the parties." *Id.* at 1380. "While the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b) . . . the jurisdictional inquiry must not subsume substantive determination." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (internal citations and marks omitted). A district court must resolve all questions of fact in favor of the plaintiff; however, there must be some dispute of fact before the court can resolve

---

[4] At the hearing on the motions to remand, strike, and amend, counsel for the plaintiff conceded that the plaintiff could not assert a cause of action against Big Toys as her claims are pled in the original complaint. However, for the sake of completeness, the court will still undertake the fraudulent joinder analysis herein.

[5] The defendants also assert that the plaintiff cannot establish claims against Honda Central-Kawasaki, d/b/a Big Toys, Inc., or Honda Central-Kawasaki as no such legal entities exist.

> that fact in the plaintiff's favor. *Legg v. Wyeth*, 428 F.3d 1317, 1323 (11th Cir. 2005). When a defendant's affidavits are not disputed by the plaintiff, the court "cannot then resolve the facts in the [plaintiff's] favor based solely on the unsupported allegations in the Plaintiff's complaint." *Id.*
>
> A federal court must be certain of its jurisdiction before "embarking upon a safari in search of a judgment on the merits." *Crowe*, 113 F.3d at 1538. A "district court's authority to look into the ultimate merits of the plaintiff's claims must be limited to checking for obviously fraudulent or frivolous claims." *Crowe*, 113 F.3d at 1542.

*Southern v. Pfizer, Inc.*, 471 F. Supp. 2d 1207, 1214 (N.D. Ala. 2006). "A possibility of success as to *any* of the [the plaintiff's] claims will lead to a determination that [the resident defendant] is not fraudulently joined in this action, that complete diversity does not exist among the parties, and that this action is due to be remanded." *Id.* at 1215 (italics added).

**B. Count One: Plaintiff's AEMLD Claim**

The defendants argue that the plaintiff cannot possibly establish a cause of action against Big Toys pursuant under the AEMLD. (Doc. 10 at pp. 4-7). In Alabama, an AEMLD claim is established by satisfaction of the following standard:

> The AEMLD establishes a cause of action against "a manufacturer, or supplier, or seller, who markets a product not reasonably safe when applied to its intended use in the usual and customary manner, [thereby] constitut[ing] negligence as a matter of law." *Casrell v. Altec Industries, Inc.,* 335 So. 2d 128, 132 (Ala. 1976). In order to establish liability under the AEMLD, [the plaintiff] must prove: [She] suffered injury or damages to [herself] or [her] property by one who sold a product in a defective condition unreasonably dangerous to the plaintiff as the ultimate user or consumer, if (a) the seller was engaged in the business of selling such a product, and (b) it was expected to, and did, reach the user or consumer without substantial change in the condition in which it was sold. *Key v. Maytag Corp.*, 671 So. 2d 96, 101 (Ala. Civ. App. 1995); *quoting Atkins v. American Motors Corp.*, 335 So. 2d 134 (Ala. 1976).

*Southern*, 471 F. Supp. 2d at 1215.

In order to establish a claim under AEMLD against Big Toys, the plaintiff would have to

first demonstrate that Big Toys was a "manufacturer, or supplier, or seller," of the ATV. The plaintiff's submit evidence[6] of interrelation between Big Toys and Honda Central-Kawasaki.[7] However, Big Toys offers evidence in the form of affidavit testimony, that it never manufactured, sold, or supplied the subject ATV. (See Affidavits of Jon Jason Jones (Doc. 10-4) and Johnny J. Jones (Doc. 26-2)). Specifically, Johnny Jones attests that:

> 4. I was the President of Big Toys, Inc. when it incorporated on January 10, 1991. . . .
>
> . . .
>
> 6. Prior to 1997, M.D. Inc. owned and operated Honda Central Kawasaki. It's president was known to me to be Mike Dottley.
>
> 7. In late Spring of 1997, Mike Dottley . . . approached me about buying certain assets of M.D., Inc. d/b/a Honda Central Kawasaki. To obtain authority to sell the brands of power sports being sold by M.D., Inc., I had to apply for appropriate sale's [sic] and service agreements (franchises). Due to the fact that it takes months to get approval from a manufacturer to become a franchised dealer of power sports, Mr. Dottley, who did not want to run Honda Central Kawasaki anymore, requested that I immediately start running the business for M.D. Inc., pending approval by the product manufacturers of obtaining new product franchises. In June of 1997, I became the General Manager of M.D., Inc. d/b/a Honda Central Kawasaki and for approximately six months I ran Mr. Dottley's business at the address of 2215 Highway 31, Pelham, Alabama. After approval of the asset purchase and approval to be issued product franchises, I ceased running M.D., Inc., d/b/a Honda Central Kawasaki and the remaining product assets were transferred in the Fall of 1998 to Big Toys, Inc., located at 2878 Highway 31, Pelham, Alabama. Big Toys, Inc. never did business as Honda Central Kawasaki at 2878 Highway 31, Pelham, Alabama.
>
> 8. The transaction between Big Toys, Inc. and M.D., Inc. d/b/a Honda Central Kawasaki only involved the purchase of certain assets and Big Toys, Inc.

---

[6]This "evidence" is the basis of the defendants' motion to strike addressed herein *supra*.

[7]The plaintiff asserts that, based upon this evidence, it is likely that Big Toys is either the alter ego or the legal successor of Honda Central-Kawasaki. Because the plaintiff did not allege alter ego or legal successor liability in her original state court complaint, the defendants argue that she cannot assert it now to destroy diversity. The addition of these claims is part of the basis of the plaintiff's motion to amend.

> assumed no debts or liabilities of M.D. Inc . . . At no time did Honda Central Kawasaki do business as Big Toys, Inc.

(Johnny Jones Aff. at ¶¶ 4-8). Because the plaintiff is unable to refute this testimony, the court finds that there is no possibility that the plaintiff can establish a cause of action under AEMLD against Big Toys.

**C. Count Ten: Negligence**

Big Toys next argues that the plaintiff cannot possibly establish a cause of action against it for negligence. (Doc. 10 at pp. 7-9). In Alabama, negligence is established by satisfaction of the following standard:

> "To establish negligence, a plaintiff must prove: (1) a duty to a foreseeable plaintiff; (2) a breach of that duty; (3) proximate causation; and (4) damage or injury." *Martin v. Arnold*, 643 So. 2d 564, 567 (Ala. 1994); *Albert v. Hsu,* 602 So. 2d 895, 897 (Ala. 1992). Negligence is a mixed question of law and fact. Whether the defendant in a negligence action owed the claimant a duty is strictly a question of law. *RaCON, Inc. v. Tuscaloosa County*, [Ms. 1031512, July 28, 2006] --- So. 2d ---- (Ala. 2006). If the trial court determines that the defendant owed the plaintiff a duty, then the questions of breach of that duty, proximate causation, and damages are normally resolved by the jury.

*Jones Food Co., Inc. v. Shipman*, 1051322, 2006 WL 3718254, *5 (Ala. December 15, 2006). While "a legal duty to exercise care . . . arises where the parties are bound by contract [ ] or where the obligations are expressly or impliedly imposed by statute, municipal ordinance, or by administrative rules or regulations, or by judicial decisions," *Gowens v. Tys. S. ex rel. Davis*, 948 So. 2d 513, 527 (Ala. 2006) (internal citations omitted), a legal duty may also arise under certain other circumstances as well.

"In determining whether a duty exists, the courts consider factors including public policy; social considerations; foreseeability; the nature of the defendant's activity; the relationship

between the parties; and the type of possible injury or harm." *Akpan v. Farmers Ins. Exchange, Inc.*, 2050420, 2007 WL 80497, *7 (Ala. Civ. App. January 12, 2007) (internal citation omitted). In addition, the Alabama Supreme Court has explicitly recognized the possibility of a duty of care owing to foreseeable third parties: "In a variety of circumstances, this Court has recognized a duty to foreseeable third parties, based on a general 'obligation imposed in tort to act reasonably.'" *Taylor v. Smith*, 892 So. 2d 887, 893 (Ala. 2004) (citing *Berkel & Co. Contractors, Inc. v. Providence Hosp.*, 454 So. 2d 496, 502 (Ala. 1984)). "Foreseeability does not require that the particular consequence should have been anticipated, but rather that some general harm or consequence could have been anticipated." *R.B.Z. v. Warwick Development Co.*, 681 So. 2d 566, 568-69 (Ala. Civ. App. 1996) (citing *Thetford v. City of Clanton*, 605 So. 2d 835, 840 (Ala. 1992)). The plaintiff has not alleged sufficient facts to establish a cause of action for negligence against Big Toys. To the contrary, the plaintiff has not offered any evidence to establish that Big Toys owed her any duty.

**D. Count Eleven: Wantonness**

Big Toys argues that there is no possibility that the plaintiff can establish a cause of action for wantonness against it. (Doc. 10 at pp. 7-9). The Alabama Court of Civil Appeals has articulated the standard to be applied to claims of wantonness:

> The Alabama Legislature has defined "wantonness" as "[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others." § 6-11-20(b)(3), Ala. Code 1975. Wantonness involves the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result. The knowledge of the defendant is the *sine qua non* of wantonness. However, to prove wantonness, it is not essential to prove that the defendant entertained a specific design or intent to injure the plaintiff. Wantonness is a question of fact for a jury, unless there is a total lack of evidence

> from which the jury could reasonably infer wantonness.

*Clark v. Kindley*, 2050829, 2007 WL 431018, *3 (Ala. Civ. App. 2007) (internal citations omitted). The Alabama Supreme Court held that a duty of care owing is an additional element that must be proved to establish a cause of action for wantonness:

> Before a plaintiff may recover against a defendant tortfeasor on theories of negligence or wantonness, the plaintiff must show that the law imposed on the defendant a duty, that that duty has been breached, and that the plaintiff has suffered an injury as a proximate result of the defendant's breach of the duty imposed by law.

*Tyler v. City of Enterprise*, 577 So. 2d 876, 877 (Ala. 1991). For the same reason that the court found that a duty of care did not exist for the purpose of the plaintiff's negligence claim, the court likewise finds that a duty of care does not exist for the purpose of the plaintiff's wantonness claim. Therefore, the court finds that there is not a possibility that the plaintiff can establish a cause of action for wantonness against Big Toys.

**E. Counts Fourteen and Fifteen: Negligent and Wanton Failure to Warn**

Big Toys argues that the plaintiff cannot possibly establish a cause of action for negligent or wanton failure to warn against it. (Doc. 10 at pp. 9-11). The Alabama Supreme Court has stated:

> The duty to warn end users of the dangers of products arises, in a pure negligence context, from § 388, Restatement (Second) of Torts, as adopted by this court. *See Purvis v. PPG Industries, Inc.*, 502 So. 2d 714, 719 (Ala. 1987)(interpreting a negligent-failure-to-warn claim using § 388).

*Ex parte Chevron Chemical Co.*, 720 So. 2d 922, 924-25 (Ala. 1998). Because the court has already found that the plaintiff has not established any duty owed to her by Big Toys, it follows that the defendant had no duty to warn the plaintiff. Therefore, the court finds that there is not a

possibility that the plaintiff can establish a cause of action against Big Toys for negligent or wanton failure to warn.

**F. Count Sixteen: Breach of Implied Warranty**

Big Toys argues that the plaintiff cannot possibly establish a cause of action against it for breach of implied warranty. (Doc. 10 at pp. 11-12). The Code of Alabama states in part that:

> Unless excluded or modified, a warranty that the goods shall be merchantable is implied *in a contract for their sale* if the seller is a merchant with respect to goods of that kind.

ALA. CODE § 7-2-314(1) (emphasis added).

Big Toys is correct that the plaintiff cannot possibly establish a cause of action for breach of implied warranty against it because there was no contract for sale between the plaintiff and Big Toys. There is no possibility that the plaintiff could establish a cause of action for breach of implied warranty against Big Toys.

The court, therefore, concludes that Big Toys is fraudulently joined because the plaintiff cannot assert a cause of action against Big Toys for any of her claims made in the original complaint. As the court finds that it does have jurisdiction over the parties, it may now resolve the defendants' motion to strike and the plaintiff's motion to amend.

**III. MOTION TO STRIKE**

The Honda defendants move to strike the plaintiff's evidence offered in support of her motion to remand. Specifically, they move to strike the affidavits of Tom Willingham (Ex. 1) and Steve Gray (Ex. 2); the Accurint Comprehensive Business Report for "Honda Central-Kawasaki" (Ex. 5); the Accurint Business Search for "2878 Pelham Parkway" (Ex. 6); the Accurint Business Search for "2215 Highway 31 South" (Ex. 8); the Accurint Business

Search for "Honda Central" (Ex. 9); the Dunn & Bradstreet Company Search Result for "Big Toys, Inc." (Ex. 10); and the Dunn & Bradstreet Business Background Report for "Big Toys, Inc." (Ex. 11), on the basis that it is all hearsay. While the court agrees that the aforementioned exhibits would constitute hearsay if used to establish the truth of the matter asserted, the court will accept the documents for the limited purpose of establishing why the plaintiff named the parties that she did in her state court complaint. *See* FED. R. EVID. 801.

The motion to strike is, therefore, due to be granted; however, the court finds they are due to be considered for the limited purpose as set out herein.

## IV. MOTION TO AMEND

### A. Legal Principles

Removal jurisdiction in this case is premised upon diversity of citizenship under 28 U.S.C. § 1332(a). The defendants timely removed this matter pursuant to 28 U.S.C. § 1441(a). There is no dispute that the amount in controversy exceeds the jurisdictional amount. In order to maintain this action in federal court, the parties must be diverse. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996). In the instant case, there are potentially two parties that could defeat diversity should the court allow the plaintiff to amend her complaint - - M.D., Inc., and additional claims against Big Toys.[8]

The plaintiff seeks to amend the complaint to substitute M.D., Inc., for Honda Central-Kawasaki and to add alter ego and successor liability claims against Big Toys, Inc. (Doc.

[8]On the face of the complaint, diversity jurisdiction does not exist as Big Toys is an Alabama corporation. However, the court has found that Big Toys is fraudulently joined in the plaintiff's complaint. The plaintiff seeks to add new claims against Big Toys in her amended complaint.

33). Under 28 U.S.C. § 1447(e), when presented with a post-removal motion to add a non-diverse defendant, "the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). In such instances, the court "should scrutinize that amendment more closely than an ordinary amendment." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). *Accord Sexton v. G&K Services, Inc.*, 51 F. Supp. 2d 1311, 1313 (M.D. Ala. 1999). Whether an amendment should be allowed is determined by examining four factors:

1. The extent to which the purpose of the amendment is to defeat federal jurisdiction,

2. Whether the plaintiff has been dilatory in asking for the amendment,

3. Whether the plaintiff will be significantly injured if the amendment is allowed, and

4. Any other factors bearing on the equities.

*El Chico Restaurants v. Aetna Casualty and Surety Co.*, 980 F. Supp. 1474, 1484 (S.D. Ga. 1997).

**B. Analysis of *Hensgens* Factors**

**1. Intent to defeat federal jurisdiction**

The defendants assert that the only purpose in naming M.D., Inc., as an additional defendant is to deprive the Honda defendants of their right to have this action heard in federal court. (Doc. 41 at p. 8). The plaintiff argues that this case should be remanded to the Circuit Court of Marion County, Alabama, because diversity jurisdiction does not exist. (Doc. 39 at pp. 6-22). In moving to amend, the plaintiff argues that her purpose is not to defeat diversity jurisdiction, but to name the proper entity who was responsible for the initial sale of the ATV.

(Doc. 39 at p. 20). In her initial complaint, the plaintiff named Honda Central-Kawasaki (who she later learned was the d/b/a of M.D., Inc.) and also named "unknown fictitious defendants who were responsible for selling the ATV." (*Id*.). Thus, it is clear that the plaintiff has intended to pursue a claim against the seller since the inception of this suit. Such an intent suggests that the plaintiff is truly motivated by including the proper party and not simply by a desire to defeat diversity jurisdiction.

The plaintiff next asserts that she has not been dilatory in seeking to amend her complaint. (Doc. 39 at p. 2). To the contrary, she moved to amend soon after the defendants disclosed that M.D., Inc., was the business operating as Honda Central-Kawasaki at the time of the initial sale. (Doc. 39 at p. 21). The defendants counter that had the plaintiff "simply looked at the Answer filed by Honda Central-Kawasaki [in another case] prior to filing her complaint in the present action, she would have noticed that M.D., Inc., answered the complaint as "M.D., Incorporated dba Honda Central-Kawasaki."[9] Additionally, the defendants assert that "M.D., Inc." appears in the Accurint report submitted by the plaintiff as one of the businesses listed at the 2215 Pelham Parkway address. (Doc. 41 at p. 11). The court is not persuaded by either of these arguments. Instead, the court finds that the plaintiff promptly moved to amend her complaint to substitute M.D., Inc., for Honda Central-Kawasaki upon discovery of the same.

Third, the plaintiff argues that she will be significantly injured if the amendment is not

---

[9]The case the defendants refer to is identified by the plaintiff as "*Crumbly v. Honda Central Kawasaki*, CV-94-7123 (Ala. Cir. Ct. Jeff. Co.)." However, the Case Detail reveals that the plaintiff's name was actually "Trumbly." The plaintiff included a copy of a "Case Detail" retrieved from the Alacourt website to show that "Honda Central Kawasaki" has previously been named as a party to a lawsuit in an attempt to link Honda Central Kawasaki with Big Toys and its president Johnny Jones. (Doc. 20 at ¶ 2). There is no indication that the plaintiff looked at any documents in that case beyond the Case Detail. The court notes that while the caption of the answer reads "Comes Now, M.D., Inc. d/b/a Honda Central-Kawasaki," it is signed "F. Lane Finch, Jr. Attorney for Honda Central-Kawasaki," and includes a certificate of service on behalf of "Honda Central-Kawasaki." Although the court declines to charge the plaintiff with knowledge that she might have found had she accessed the Answer filed in the case, it notes that even had she looked at the Answer, she would have found, at best, an ambiguous result.

allowed. The defendants assert that she will not be injured because she can fully achieve relief for all her claims against the Honda defendants and because it is "very likely that M.D., Inc. has no assets to satisfy any judgment." (Doc. 41 at p. 12).[10] The fact that there may be duplicative litigation is not sufficient in and of itself to allow an amendment, when other factors weigh in favor of denying the motion. *See Sexton*, 51 F. Supp. 2d at 314. However, in the instant case, the other factors weigh in favor of allowing, rather than denying, the amendment.

Finally, the plaintiff argues that the equities of the situation favor amendment. (Doc. 39 at p. 21). Although the court does not find, as the plaintiff suggests, that the defendants' hands are unclean, the court does find that the entirety of the circumstances shows that the plaintiff intended to assert a claim against the seller of the ATV since the inception of her lawsuit. The court is convinced that the plaintiff was unaware of the proper defendant until the defendants revealed the same, and that upon learning of M.D., Inc., the plaintiff undertook to timely name the defendant who sold the subject ATV. Additionally, the fact that amending the complaint to add M.D., Inc., is simply a substitution rather than the addition of an entirely new party weighs in the plaintiff's favor.

Because the court finds that the motion to amend to substitute M.D., Inc., for Honda Central-Kawasaki is due to be granted, the court is divested of diversity jurisdiction. The court declines to rule on whether the plaintiff should be allowed to amend her complaint to add alter ego and successor liability claims against Big Toys, and instead, will allow the state court to resolve that issue.

---

[10] At oral argument, counsel for Big Toys indicated that M.D., Inc., is still an existing corporation. If this is true, there is no real indication that M.D., Inc., has no assets. Additionally, as alluded to at the hearing, it is at least a possibility that an insurance policy in effect at the time of the sale could cover M.D., Inc.'s liability, if any, in this matter.

## CONCLUSION

Based on the foregoing, the court finds that the plaintiff's motion to remand is due to be denied as Big Toys is fraudulently joined. However, the court also finds that the plaintiff's motion to amend is due to be granted in part to substitute M.D., Inc., as a party. The joinder of M.D., Inc., divests this court of diversity jurisdiction. Therefore, this case is due to be remanded to the Circuit Court of Marion County, Alabama. A separate order will be entered contemporaneously herewith.

**DONE,** this the 31st day of August, 2007.

John E. Ott

**JOHN E. OTT**
United States Magistrate Judge